IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDELL LONG | : | CIVIL ACTION |
| *Petitioner, pro se* | : | |
| | : | NO. 14-4171 |
| v. | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, *et al.* | : | |
| *Respondents* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                           AUGUST 9, 2017

# MEMORANDUM OPINION

Petitioner Wendell Long ("Petitioner"), a Pennsylvania state prisoner*,* filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254,[1] in which he essentially asserts that the Pennsylvania Board of Probation and Parole ("Parole Board"), in denying him parole on January 31, 2013, violated the *Ex Post Facto* Clause and the Fifth Amendment of the United States Constitution as well as his due process rights. [ECF 1]. In accordance with Title 28 U.S.C §636(b), Rule 8 of the Rules Governing Section 2254 Cases, and Local Civil Rule 72.1.IV(c), the *habeas* petition was referred to United States Magistrate Judge Carol Sandra Moore Wells (the "Magistrate Judge" or "Magistrate Judge Wells") for a *Report and Recommendation* ("R&R"). [ECF 4]. On June 9, 2017, Magistrate Judge Wells issued a well-reasoned R&R, which addressed Petitioner's claims, and recommended that the *habeas* petition be transferred to the United States Court of Appeals for the Third Circuit because the underlying petition was a "second or successive petition." [ECF 10]. On June 21, 2017, Petitioner filed timely objections to the R&R. [ECF 11]. This matter is, therefore, ripe for disposition.

---

[1]     Petitioner incorrectly cited §2554, rather than §2254.

After a thorough and independent review of the state court record and court filings, for the reasons stated herein, Petitioner's objections are overruled, the R&R is approved and adopted, *in part*, and the petition for a writ of *habeas corpus* is denied.

**BACKGROUND**

The facts and procedural history underlying Petitioner's convictions are undisputed, are adequately summarized in the R&R, and need not herein be repeated in their entirety. Suffice it to state, Petitioner's last conviction was in 1980 for involuntary deviant sexual intercourse, robbery and simple assault for which he received a total aggregated sentence of 21 to 42 years.

On January 9, 2015, Petitioner filed the underlying *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254, [ECF 3], which was referred to Magistrate Judge Wells for an R&R. As noted, the Magistrate Judge recommended that the petition be transferred to the Third Circuit Court of Appeals because it was a "second or successive" petition for which Petitioner had not sought or received permission from the Court of Appeals to file. [ECF 10]. Petitioner's objections to the R&R merely repeat the arguments presented to the Magistrate Judge in Petitioner's underlying *habeas* filings.

**LEGAL STANDARDS**

Where objections to an R&R are filed, the court must conduct a *de novo* review of the contested portions of the R&R, *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. §636(b)(1)(C)), provided that the objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In conducting its *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. §636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper.

*United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7. Objections which merely restate arguments presented to and considered by a magistrate judge are not entitled to *de novo* review. *Becker v. Tennis*, 2011 WL 2550544, at *1 n.3 (E.D. Pa. June 23, 2011) (declining to address contentions included in petitioner's objections, concluding that they are "nothing more than a restatement of the underlying claims contained in his petition") (citing *Morgan v. Astrue*, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009)); *see also Nghiem v. Kerestes*, 2009 WL 960046, at *1 n.1 (E.D. Pa. Apr. 3, 2009) (declining to engage in additional review of objections where the objections merely re-articulated all the claims and theories for relief that were addressed and dismissed by the magistrate judge).

**DISCUSSION**

Petitioner's current *habeas* petition is his fourth challenge of the Parole Board's denial of parole.[2] As in his previous *habeas* petitions, Petitioner's current *habeas* claims are premised on the contention that the Parole Board's decision to deny him parole violated his rights to due process because the Parole Board applied an "undefined standard" to reach its decision, violated the *Ex Post Facto* Clause of the Constitution when it applied post-1996 parole criteria, and violated his Fifth Amendment rights. These are the identical arguments made in *Long III*. *See Long v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 2319247 (E.D. Pa. May 14, 2012), *adopted by*, 2012 WL 2319183 (E.D. Pa. Jun. 19, 2012).[3]

---

[2] Petitioner's three previous *habeas* petitions were filed in and disposed of by the United States District Court for the Middle District of Pennsylvania. *See Wendell Long v. Pennsylvania Bd. of Probation and Parole*, Civil No. 1:CV-04-699 (M.D. Pa.) ("*Long I*"); *Wendell Long v. Pennsylvania Bd. of Probation and Parole*, Civil No. 3:CV-08-0943 (M.D. Pa.) ("*Long II*"); *Wendell Long v. Pennsylvania Bd. of Probation and Parole*, Civil No. 1:11-CV-2347 (M.D. Pa.) ("*Long III*").

[3] Petitioner's subsequent appeal to the United States Court of Appeals for the Third Circuit was denied by Order dated November 27, 2012.

In his objections to the R&R, Petitioner offers no argument to address the Magistrate Judge's conclusions nor does he dispute that this *habeas* petition is not any different from his other previous *habeas* petitions, except for the date of the Parole Board's recent denial of parole. Indeed, Petitioner's objections are virtually identical to, and merely rehash the arguments made in Petitioner's other *habeas* filings and, thus, are not entitled to *de novo* review. Notwithstanding, after reviewing all of the previous *habeas* petitions filed by Petitioner, this Court finds no error in the Magistrate Judge's conclusion that the instant petition is and constitutes a "second or successive" *habeas* petition for which this Court lacks jurisdiction to consider. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2241 *et seq.* governs the procedure for filing a petition for the issuance of a writ of *habeas corpus*, and specifically provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus.

28 U.S.C. §2244(a).

Further, §2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application **shall be dismissed**." *Id*. (emphasis added). In addition, a *habeas* petition that asserts claims that could have been brought in a previous petition but were not is also deemed a second or successive petition. *Berry v. Kauffman*, 208 F. Supp. 3d 676, 680 (E.D. Pa. 2016) ("A petition is 'second or successive' if it includes 'claims that could have been raised in an earlier *habeas corpus* petition.'") (quoting *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005)).

4

Section 2244(b)(2) provides limited exceptions to the rule barring claims that were omitted from a previous *habeas* petition; *to wit*:

> A claim presented in a second or successive *habeas corpus* application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (B)(ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id*. Before this Court may consider a second or successive petition, however, a petitioner must first seek and obtain permission from the Court of Appeals. *Id*. at §2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorized the district court to consider the application."); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("Unless the court of appeals grants such permission, the district court may not consider second or successive petition.").

Here, as determined by the Magistrate Judge, Petitioner's underlying *habeas* petition challenges the Parole Board's most recent denial of parole on two of the same constitutional bases that he asserted in his previous *habeas* petitions, *i.e.*, violation of due process and the *Ex Post Facto* Clause. Petitioner also asserts a new constitutional challenge to the parole denial premised on the Fifth Amendment, which could have been raised in his earlier *habeas* petitions. Because these claims have either already been asserted or could have been asserted in Petitioner's previous *habeas* petitions, his underlying *habeas* petition (his fourth) is a successive

5

petition.  As such, before this Court can consider this underlying petition, Petitioner must first obtain permission from the Court of Appeals to file it.  Because Petitioner has not done so, this Court lacks jurisdiction to consider the *habeas* petition.  Accordingly, pursuant to 28 U.S.C. §2244(b)(1)-(2), this matter is dismissed.

**CONCLUSION**

For the reasons stated herein, Petitioner's objections are overruled, and the Report and Recommendation is approved and adopted, except for the recommendation to transfer this matter to the Third Circuit Court of Appeals.  Instead, the petition for a writ of *habeas corpus* is dismissed pursuant to 28 U.S.C. §2244(b)(1)-(2), as an improperly filed second or successive *habeas* petition.  In addition, because reasonable jurists would not debate this Court's disposition of Petitioner's claims, a certificate of appealability is denied.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.